UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:12-CV-1253 CAS<br>) |
| LISA LAMBERT, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This statutory interpleader matter is before the Court on the Motion for Summary Judgment filed by defendants/crossclaim defendants Jennifer Rios, Teresa Roths and Ruth Cornett (collectively the "crossclaim defendants") on the Crossclaims of defendant/crossclaim plaintiff Lisa Lambert individually (Doc. 16), and as next friend for MBC, CAC, CBC, KRC and CSC (Doc. 27). The Court will refer to the crossclaim plaintiffs collectively as "Lambert." Lambert opposes the motion and it is fully briefed. The motion will be denied for the crossclaim defendants' failure to meet their initial burden on summary judgment.

**Background**

Transamerica Life Insurance Company filed this interpleader action to avoid multiple liability on the competing claims of the defendants to benefits under a $1,000,000 life insurance policy (the "Policy") issued by it and payable as a result of the death of the insured, Mr. Craig A. Cornett, on May 2, 2012. Lambert is the former wife of Mr. Cornett and the next friend of plaintiffs MBC, CAC, CBC, KRC and CSC, her and Mr. Cornett's minor children. Lambert alleges that she was originally the sole beneficiary under the Policy. Defendant Jennifer Rios is also a former wife of Mr.

Cornett and was named the last designated beneficiary under the Policy in 2011. Defendant Teresa Roths is the sister of Mr. Cornett, and defendant Ruth Cornett is his mother. In 2010, Roths was designated as the Policy's beneficiary and Ruth Cornett was the 100% contingent beneficiary. Lambert alleges that Mr. Cornett did not have the legal capacity to amend the designated beneficiaries under the Policy.

The defendants made competing claims to the Policy proceeds, and Transamerica instituted this action and filed a motion to deposit the Policy proceeds into Court. The motion was granted and Transamerica paid into the Court registry the sum of $1,001,072.74, consisting of the Policy's death benefit due and a premium refund of $1,072.74. Transamerica was then dismissed from the action.

The two Crossclaims are substantively the same and assert the following claims: (1) Count I - Lack of Capacity (2011 Beneficiary Designation); Count II - Undue Influence by defendant Rios (2011 Beneficiary Designation); Count III - Lack of Capacity (2010 Beneficiary Designation); Count IV - Undue Influence by defendants Roths and Cornett (2010 Beneficiary Designation); Count V - Constructive Fraud by defendant Rios (2011 Beneficiary Designation); and Count VI - Constructive Fraud by defendants Roths and Cornett (2011 Beneficiary Designation).

**Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly

establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

**Discussion**

It is fundamental that on a motion for summary judgment, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."

3

Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (internal punctuation and quoted case omitted). Only when the moving party meets this burden does the burden then shift to the non-moving party to establish the existence of genuine issues of material fact that preclude summary judgment. Id. Here, the crossclaim defendants fail to meet their initial burden on summary judgment, and therefore the burden does not shift to Lambert.

As an initial matter, the crossclaim defendants' Statement of Uncontroverted Material Facts fails to comply with Local Rule 4.01(E), which states as follows:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Eastern District Local Rule 4.01(E). Here, the statement of uncontroverted material facts fails to include any citation to the record. Although the memorandum in support of the motion includes citation to the record, this does not comply with the Local Rule.

More fundamentally, the motion for summary judgment and its supporting memorandum cite no substantive law in support of the argument that the crossclaim defendants apparently seek summary judgment on counts implicating the decedent Mr. Cornett's mental capacity.[1] The summary judgment motion does not identify which counts of the crossclaims judgment is sought on, does not identify which state's law applies, does not cite relevant legal authority establishing the

---

[1]The summary judgment motion does not include any specific arguments with respect to the allegations of undue influence and barely mentions the constructive fraud counts.

4

elements of the causes of action on which judgment is sought, and does not cite any pertinent legal authority tending to show that the crossclaim defendants are entitled to judgment as a matter of law on any count of the Crossclaims. The crossclaim defendants have failed to adequately inform the Court of the legal basis for their motion, and thus fail to meet their initial burden on summary judgment.

**Conclusion**

For the foregoing reasons, the motion for summary judgment of defendants Rios, Roths and Cornett should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment of defendants/ crossclaim defendants Jennifer Rios, Teresa Roths and Ruth Cornett is **DENIED**. [Doc. 55]

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this ____28th_____ day of June, 2013.