# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:12-CV-1253 CAS ) |
| LISA LAMBERT, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant/crossclaim plaintiff Lisa Lambert's Second Motion to Compel Production from defendant/crossclaim defendant Jennifer Rios ("Rios"). Lambert, individually and as next friend for plaintiffs MBC, CAC, CBC, KRC and CSC ("Lambert"), moves to compel Rios to produce a computer and a cellular telephone that were used by decedent Craig A. Cornett between November 1, 1995 and the time of his death, as requested in Lambert's second Request for Production Nos. 1 and 2, by shipping those devices to St. Louis, Missouri at Lambert's expense for forensic examination. Rios opposes the motion and it is fully briefed.

Rios responded to Lambert's Request for Production by stating that the computer and cell phone would be made available for inspection at the office of her attorney in Jonesboro, Arkansas. Lambert moves to compel Rios to ship the devices to St. Louis instead, asserting that Rios's offer of production presents undue burden and expense to Lambert. The motion to compel is accompanied by the affidavit of a digital forensics technician which states that travel to Arkansas would increase the cost of examining the computer and cell phone by approximately $2,400, and that

if the devices were shipped to St. Louis, they could be returned to Jonesboro, Arkansas within forty-eight hours of their receipt in St. Louis.

Rios opposes the motion to compel, asserting that she would be unduly burdened if required to ship the devices to St. Louis, because they are her only computer and telephone. Rios also asserts that there are text messages on the cell phone between herself and her attorney, and among herself, her co-defendants Teresa Roths and Ruth Cornett, and their attorney, which would be protected by the attorney-client privilege. Finally, Rios states that she downloaded each text message to or from Craig Cornett that remained on the cell phone and sent those to Lambert's counsel by email and hard copy, and had a computer company make a copy of the computer's hard drive and sent that to Lambert's counsel. Rios contends that because Lambert's request did not specify a form or forms of production for electronically storied information, she is only required to produce it in a form that is reasonably usable, and that she has done so.

Lambert initially replies that (1) ownership of the computer and cell phone are in dispute in a probate matter pending in the Circuit Court of St. Charles County, Missouri; and (2) Rios's response to the Request for Production was due on June 28, 2013 under Rule 34, Federal Rules of Civil Procedure, but it was not served until July 10, 2013 and did not include any objection to the production requests, so any objection is waived. Lambert also states that before she requested production of the physical telephone and computer, Rios stated in her response to Lambert's first request for production of documents that she was not in possession of any documents or correspondence between herself and Craig Cornett, including emails, instant messaging messages, or text messages, but now it is clear that at least 250 pages of text messages were in Rios's possession throughout the pendency of this matter.

2

Lambert states that because she requested production of tangible things, the computer and cell phone, Rios's production of copies of text messages and a copy of the hard drive fails to comply with the requests. Lambert contends that she cannot ascertain whether all text messages have been provided or if others have been deleted without an examination of the cell phone itself. Lambert also asserts that the data contained on a USB flash drive produced by Rios was not copied in a forensically sound manner, and does not contain a forensic image of the computer system or permit a detailed forensic analysis of the computer system from which it was obtained. Lambert provides the affidavit of its forensic computer technician which states that the form of the data provided will not allow for an analysis of any items which may have been deleted either prior to or after the death of Craig Cornett, and will not allow for a determination of the existence of other information on the computer that was not voluntarily provided.

The Court finds that Lambert's motion to compel should be granted. Rios's production of copies of cell phone text messages and a non-forensic copy of the computer hard drive are insufficient to respond to Lambert's second request for production of the cell phone and computer themselves, as the copies provided do not allow for forensic examination of the devices. The Court acknowledges that Rios will suffer some inconvenience by not having access to the cell phone and computer for a period of time, but finds that this inconvenience is outweighed by the significant additional expense Lambert would incur if she were required to examine the devices in Jonesboro, Arkansas. The Court will order Lambert to have the forensic examinations conducted as soon as possible, and to return each device as soon as its examination has been completed.

Rios's assertion of attorney-client privilege with respect to text messages and emails will be protected by implementation of the parties' Joint Suggestions for Limitations or Protections with

3

Respect to Attorney/Client Privileged Texts or Emails, submitted in response to the Court's Order of August 2, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that defendant/crossclaim plaintiff Lisa Lambert's Second Motion to Compel Production from defendant/crossclaim defendant Jennifer Rios is **GRANTED** as follows: [Doc. 77]

1. Rios shall produce the computer and cellular telephone identified in her response to Lambert's second Request for Production, which Rios represents was done on August 6, 2013.[1]

2. Lambert's forensic technician shall examine the computer and cellular telephone as soon as possible, and shall return each device by Federal Express or by hand delivery as soon as its examination has been completed. Rios shall inform Lambert whether the devices should be returned to Rios directly, or to her counsel. If the former, Rios shall provide Lambert with the address to which the devices should be returned.

3. Rios' assertion of attorney-client privilege with respect to text messages shall be protected as follows:

Applicable only to text messages sent or received after the date of Craig Cornett's death on May 2, 2012, to exclude any and all text messages between crossclaim defendants' counsel Bill Stanley ((870) 761-5454) and any one or all of the crossclaim defendants, whose telephone numbers were provided in response to Interrogatory No. 8 propounded on each of them (i.e., Jennifer Rios – (904) 314-8800 and (870) 340-7404; Teresa Roths – (316) 250-9887; and Ruth Cornett – (479) 790-1340), **PROVIDED**, however, that no other telephone number(s) appears in the "to," "from,"

---

[1] See the parties' Joint Suggestions for Limitations or Protections with Respect to Attorney/Client Privileged Texts or Emails at 2, ¶ 4 (Doc. 93).

"cc" or "bcc" fields. The inclusion of any telephone number other than those listed in any text message shall result in disclosure and review of the same as well as any attachments thereto.

4. Rios' assertion of attorney-client privilege with respect to emails shall be protected as followed:

Applicable only to emails sent or received after the date of Craig Cornett's death on May 2, 2012, exclude any and all emails between crossclaim defendants' counsels' email addresses (bill@stanleywoodard.com; bill.stanley5454@gmail.com; bill@billstanleylaw.com; and/or Wendell@wendellhoskins.com) and any one or all of crossclaim defendants, whose email addresses were provided in Response to Interrogatory No. 7 propounded on each of them (i.e., Jennifer Rios - jenniferrios924@yahoo.com; Teresa Roths – cownutz@att.net; and/or Ruth Cornett – ruth-eruth@madisoncounty.net), **PROVIDED**, however, that no other email address(es) appear(s) in the "to," "from," "cc" or "bcc" fields. The inclusion of any email addresses other than those listed in any email message shall result in disclosure and review of the same as well as any attachments thereto.

                                                        */s/ Charles A. Shaw*
                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of August, 2013.