# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:12-CV-1253 CAS |
| LISA LAMBERT, et al., ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Second Motion for Summary Judgment filed by defendants/crossclaim defendants Jennifer Rios, Teresa Roths and Ruth Cornett (collectively the "defendants") on the Crossclaims of defendant/crossclaim plaintiff Lisa Lambert individually (Doc. 16), and as next friend for MBC, CAC, CBC, KRC and CSC (Doc. 27).  The Court will refer to the crossclaim plaintiffs collectively as "plaintiffs."  Plaintiffs oppose the motion and it is fully briefed.  For the following reasons, the motion will be denied.

**Background**

Transamerica Life Insurance Company filed this interpleader action to avoid multiple liability on the competing claims of the defendants to benefits under a $1,000,000 life insurance policy (the "Policy") issued by it and payable as a result of the death of the insured, Mr. Craig A. Cornett, on May 2, 2012.  Jurisdiction over the case is based on the interpleader statutes, 28 U.S.C. §§ 1335(a), 1397 and 2361, as more than $500 is at stake and there are two or more adverse claimants of diverse citizenship.

Lambert is the former wife of Mr. Cornett and the next friend of plaintiffs MBC, CAC, CBC, KRC and CSC, the minor children of Lambert and Mr. Cornett. Lambert alleges that she was originally the sole beneficiary under the Policy. Defendant Jennifer Rios is also a former wife of Mr. Cornett and was named an irrevocable beneficiary under the Policy in November 2011. Defendant Teresa Roths is the sister of Mr. Cornett, and defendant Ruth Cornett is his mother. In November 2010, Roths was designated as the Policy's beneficiary and Ruth Cornett was the 100% contingent beneficiary. Plaintiffs allege that Mr. Cornett did not have the legal capacity to amend the designated beneficiaries under the Policy.

The parties made competing claims to the Policy proceeds, and Transamerica instituted this action and filed a motion to deposit the Policy proceeds into Court. The motion was granted and Transamerica paid into the Court registry the sum of $1,001,072.74, consisting of the Policy's death benefit due and a premium refund of $1,072.74. Transamerica was then dismissed from the action.

The two Crossclaims are substantively the same and assert the following claims: (1) Count I – Lack of Capacity (2011 Beneficiary Designation); Count II – Undue Influence by defendant Rios (2011 Beneficiary Designation); Count III – Lack of Capacity (2010 Beneficiary Designation); Count IV – Undue Influence by defendants Roths and Cornett (2010 Beneficiary Designation); Count V – Constructive Fraud by defendant Rios (2010 Beneficiary Designation); and Count VI – Constructive Fraud by defendants Roths and Cornett (2011 Beneficiary Designation).

**Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

2

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

**Discussion**

Although subject matter jurisdiction over this case is conferred by statute, the general consensus is that statutory interpleader is a form of diversity jurisdiction and the Erie doctrine

3

applies.[1]  4 James Wm. Moore, et al., Moore's Federal Practice § 22.04[7] (3d ed. 2013).  As a result, the Court must apply state substantive law to the plaintiffs' state common law claims.  In a statutory interpleader case, the choice of law rules of the forum state govern.  Griffin v. McCoach, 313 U.S. 498, 503 (1941).  The parties agree that Missouri law applies to this case.

It is fundamental that on a motion for summary judgment, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (brackets, internal punctuation and quoted case omitted).  Only when the moving party meets this burden does the burden then shift to the non-moving party to establish the existence of genuine issues of material fact that preclude summary judgment.  Id.  Defendants move for summary judgment on all counts of the Crossclaims.

    A.  Lack of Capacity Claims - Counts I and III

In moving for summary judgment on plaintiffs' lack of capacity claims, defendants rely on a presumption of mental capacity and the principle that not every mental impairment disqualifies a person from transacting business, citing in support Howells State Bank v. Novotny, 69 F.3d 32, 34-35 (8th Cir. 1934).  The Howells case, however, was an interpleader action on appeal from the District of Nebraska.  Although the Eighth Circuit's opinion does not cite any case law in support of the cited principles, the opinion was presumably based on Nebraska law.

Under Missouri law, which applies in this case, "When a [beneficiary designation] is challenged on the grounds the person executing the instrument lacked testamentary capacity, the

---

[1] Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) (holding a federal court sitting in diversity is bound by the decisions of the state's highest court).

4

proponents of the challenged instrument have the burden to establish a prima facie case of due execution of the [beneficiary designation] and of the sound mind of the [grantor] at the time of the instrument's execution."  Dorsey v. Dorsey, 156 S.W.3d 442, 446 (Mo. Ct. App. 2005) (will contest); see also Cima v. Rhoades, __ S.W.3d __, 2013 WL 2402857, at *3 (Mo. Ct. App. June 4, 2013) (challenge to validity of trust).  Thus, the defendants have the initial burden of proof.

Under Missouri law, the test for determining whether Mr. Cornett as grantor had sufficient mental capacity at the time he executed the challenged beneficiary designations is the same test used for determining if a testator had the capacity to execute a will.  See Rapp v. Rapp, 238 S.W.2d 80, 91 (Mo. Ct. App. 1951).  The test for testamentary capacity is as follows:

> A [testator] is shown to have testamentary capacity when the evidence reveals that, at the time of the execution of the will or codicil, the [testator] understood the ordinary affairs of life, the value and extent of [his] property, the persons who are the natural objects of [his] bounty, and that [he] is giving [his] property to the persons mentioned in the will or codicil in the manner stated.

Dorsey, 156 S.W.3d at 446 (cited cases omitted); see also Lewis v. McCullough, 413 S.W.2d 499, 505 (Mo. 1967).  If testamentary capacity is established, then the grantor "has the right to dispose of [his] property according to [his] own way of thinking, and it is not for courts or juries to make a will or codicil for [him]."  Dorsey, 156 S.W.3d at 446 (brackets, quotation marks and internal citations omitted).

The Court finds that defendants' motion fails to establish a prima facie case of due execution of the beneficiary designations and of Mr. Cornett's sound mind at the time of the instruments' execution.  The motion for summary judgment should therefore be denied as to the lack of capacity claims, Counts I and III.

B.  Undue Influence Claims - Counts II and IV

Defendants move for summary judgment on plaintiffs' undue influence claims, asserting that plaintiffs have not met their burden to demonstrate facts showing that the allegedly exerted influence was of significant strength to destroy Mr. Cornett's free will, such that his action was not in fact his own but that of the party exercising the influence, citing Hodges v. Hodges, 692 S.W.2d 361, 366-67 (Mo. Ct. App. 1985).

Under Missouri law, the burden to prove undue influence rests upon the persons contesting a beneficiary designation.  See Martin v. O'Connor, 406 S.W.2d 41, 43 (Mo. 1966) (will contest). The contestants must show evidence of mental incapacity or undue influence that is "clear, cogent and convincing."  See Ulrich v. Zimmerman, 349 Mo. 772, 781 (Mo. 1942).  Here, plaintiffs must establish that Mr. Cornett was "unable to act freely in the designation of a beneficiary." Metropolitan Life Ins. Co. v. Parker, 721 F. Supp. 227, 229 (E.D. Mo. 1989).

Proof of the existence of certain factors may raise a rebuttable presumption of undue influence.  A presumption of undue influence arises if the contesting parties shows that:  1) a confidential or fiduciary relationship exists between the decedent and the beneficiary; 2) the beneficiary has been given a substantial benefit by the beneficiary designation; and 3) the beneficiary was active in procuring the execution of the beneficiary designation. Simmons v. Inman, 471 S.W.2d 203, 206 (Mo. 1971).  When supported by probative evidence, the presumption makes a prima facie case which does not disappear upon the introduction of rebutting evidence and raises an issue for the fact finder.  Id.

The Court finds that plaintiffs have established at least the existence of questions of material fact as to whether a presumption of undue influence arises in this case, and as a result defendants' motion for summary judgment on Counts II and IV should be denied.

### C. Constructive Fraud Claims - Counts V and VI

Finally, defendants move for summary judgment on plaintiffs' constructive fraud claims, stating that a constructive trust is used by a court in equity to "provide a remedy in cases of actual or constructive fraud to prevent unjust enrichment." Defs.' Brief Supp. Mot. S.J. at 13. Defendants assert that plaintiffs have not produced any facts through discovery to support their claims of constructive fraud.

Defendants fail to articulate the elements of a cause of action for constructive fraud under Missouri law. Defendants do not explain how the facts they discuss show that plaintiffs cannot establish the elements of their claims and that the defendants are entitled to judgment as a matter of law. The Court cannot analyze this portion of defendants' summary judgment motion without conducting its own research in support of the defendants' position, and the Court declines to do so. Defendants' motion for summary judgment on Counts V and VI should therefore be denied.

**Conclusion**

For the foregoing reasons, the second motion for summary judgment filed by defendants Rios, Roths and Cornett should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that the Second Motion for Summary Judgment of defendants/ crossclaim defendants Jennifer Rios, Teresa Roths and Ruth Cornett is **DENIED**.  [Doc. 86]

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of October, 2013.